PAVEL L. BYTOVETSKI *vs.* HENRY C. McDUFF ESTATE.

APRIL 11, 1934.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

MURDOCK, J. This is an action of trespass on the case for deceit. A jury in the Superior Court returned a verdict for the plaintiff in the sum of $300. The trial justice approved the verdict and the case is here on defendant's exceptions to the denial of its motion for a directed verdict and to the decision of the trial justice denying its motion for a new trial.

In 1930 defendant held a mortgage securing a construction loan on property located on June avenue in the city of Providence. The plaintiff held a second mortgage on the same property. The testimony of the plaintiff may be summarized as follows: The interest on both mortgages being in default, an agent of the defendant proposed that the plaintiff purchase the property at mortgagee's sale. As several mechanics' liens had been placed on the property, the plaintiff objected but was assured by said agent that defendant's mortgage had been recorded before construction began and, consequently, the lien of the mortgage was prior to all other liens. Such was not the fact, as plaintiff subsequently learned after he had purchased the property at the foreclosure sale. At said sale the auctioneer announced that the sale was to be made "subject to taxes and liens, if any." The plaintiff remonstrated with defendant's agent and was again assured that the mortgage had been placed on the property before the commencement of construction. When he attempted to obtain title insurance plaintiff ascertained that commencement of construction had preceded the recording of defendant's mortgage.

Defendant contends that the acceptance of the mortgage deed containing the clause "subject to taxes and liens, if any" precludes recovery on the ground that all prior agreements and representations were merged therein, and that evidence as to such agreements and representations was not admissible. There is no merit in this contention. The action is for deceit and the validity of the mortgage deed is not attacked. When fraud is alleged there is no rule of law

that precludes the party injured thereby from proving the same.   20 Cyc. 112.

But the record presents a more serious question.   Can the plaintiff, having become aware of fraud practiced on him before the complete execution of the contract, proceed to completely execute the same and then maintain an action for deceit?   The general rule appears to be that one who, with full knowledge of the fraud practiced upon him, proceeds to fully execute the contract induced by such fraud is considered to have condoned the same and cannot recover damages in an action for deceit.   There is authority however for the proposition that recovery may be had even under these circumstances if there has been no waiver of the claim for damages.   This question was discussed but not determined in *Moran* v. *Tucker*, 40 R. I. 485.   In the instant case we are not called upon to determine which rule we shall adopt.   The rule applicable here is that, if by rescinding the contract the injured party may be subjected to further injury, he may proceed with the contract and recover his damages in an action for deceit.   *Bean* v. *Bickley*, 187 Ia. 689.   See also *Charbonnel* v. *Seabury*, 23 R. I. 543.   The plaintiff relied on the representations of the defendant's agent and before discovery of the fraud entered into a contract to sell the premises in question to one Migniotti.   He would therefore become liable to said Migniotti in an action for breach of contract in case he rescinded his contract with the defendant.   Under these circumstances he was warranted in completing the purchase of the said property and is not precluded from recovering damages incurred by reason of the deceit.

The defendant attacks the verdict on the ground that it was arrived at by compromise.   The evidence warranted a verdict in a larger amount and defendant contends that inasmuch as it did not question the amount of plaintiff's claim—which was for $650—the jury should have returned a verdict for that amount or a verdict for the defendant.

We concur in the view of the trial justice that the verdict does not represent a conscious compromise on the part of the jury. It is as reasonable to assume that they did not accept at face value all the items of plaintiff's claim of damages as to assume that the verdict as a whole was the result of a compromise. As bearing on this question it is significant to note that the verdict of the jury is in the same amount as was awarded the plaintiff in the district court.

The exceptions are overruled and the case is remitted to the Superior Court for the entry of judgment on the verdict.

*George F. Troy*, for plaintiff.

*James E. Brennan, Harold J. McLaughlin*, for defendant.